OPINION
This appeal is taken by Defendant-Appellant, Thomas Adams, from the judgment entered by the Court of Common Pleas of Shelby County finding that Adams was in breach of contract obligations owed to Plaintiff- Appellee, Richard Brownlee.
On April 10, 1997, Brownlee and Adams entered into a written contract whereby Adams was to dismantle a timber-framed barn owned by Brownlee and re-erect a 40` x 50` portion of the barn at a different location. The contract price to be paid by Brownlee to Adams for the work contemplated by the contract was $28,800. Adams commenced work on the project on May 29, 1997. The terms of the contract required Adams to complete the work within eight weeks of commencement.
By mutual agreement of the parties, after completely dismantling the barn, Adams left the job site on this project and commenced work on a separate, unrelated project in Tipp City, Ohio. After completion of the Tipp City project, Adams returned to the unfinished barn. Adams commenced the re-erection phase of the project on September 20, 1997, but his performance on the project was sporadic and inconsistent and he did not complete the re-erection project. Brownlee hired a third party to finish it.
Brownlee filed a complaint against Adams on June 25, 1998 claiming damages for breach of contract. On April 7, 1999, after a bench trial, the Court of Common Pleas of Shelby County found in favor of Brownlee and awarded $2,501.44 in damages. On May 24, 1999, the original opinion of the Court was modified to correct an error in calculation of the damages and on June 1, 1999 judgment was entered for Brownlee in the amount of $5,135.12. On appeal from that judgment Adams makes the following assignments of error.
 1. The trial court erred in finding that the Defendant-Appellant was in breach of the contract since the manifest weight of evidence shows that the Plaintiff-Appellee initially breached the contract.
 2. The trial court erred in not finding that the Defendant-Appellant substantially performed the contract despite Plaintiff-Appellee's breach.
 3. The trial court erred in awarding $3,135 for crane costs that were by the clear and unambiguous terms of the contract to be paid for by the Plaintiff-Appellee.
 4. The trial court erred in awarding $4,866 in labor costs to the Plaintiff-Appellee against the manifest weight of the evidence.
 5. The trial court erred in using evidence that was objected to as hearsay and sustained as hearsay as a basis for establishing cost of completion and crane rental charges.
 6. The trial court erred in finding the Plaintiff-Appellee was not contractually responsible for the loss of the tools by the Defendant-Appellant.
 7. The trial court failed to award Defendant-Appellant $8,325 proper compensation for his performance conclusion.
Because all of Adam's assignments of error turn on the factual findings made by the trial court, this court will review them together for convenience and clarity. The law in Ohio is clear that, "* * * [I]f the judgment of the trial court is supported by some competent, credible evidence, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279 [8 O.O.3d 261, 376 N.E.2d 578];State, exrel. Shady Acres Nursing Home, Inc., v. Rhodes (1983) 7 Ohio St.3d 7,7 OBR 318, 455 N.E.2d 489] supra; Kinney v. Mathias (1984),10 Ohio St.3d 72, 73-74, 10 OBR 361, 362, 461 N.E.2d 901, 903. The underlying rationale for deferring to the findings of the trial court is that the trial court is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Slone v. Aerospace Design Fabrication Inc., (1996), 111 Ohio App.3d 725, 676 N.E.2d 1263.
Adam's assertions are that the trial court incorrectly found him to be in breach of the contract with Brownlee, erred by failing to find that he had substantially performed, miscalculated the damages awarded to Brownlee and further erred by failing to award damages to him. The record reveals that Adams admittedly failed to complete the re-erection of the barn. Further, Adams admitted on cross-examination that the there was adequate time before winter in which he could have completed the project. Adams claims that the labor supplied by Brownlee was inadequate and ineffectual and that was the reason for the delay. However, because the terms of the contract are clear that it was Adam's responsibility to supply labor, there is no merit to this argument.
The record discloses that Brownlee was required to secure the services of an outside contractor to complete re-erection of the barn for the price of $2,633.68, a fee that the trial court found to be fair and reasonable. Furthermore, Brownlee advanced Adams a labor force from his temporary employment agency and cash, the total value of which exceeded the contract price by $5,135.12.
Finally, upon examination of the record this court is unable to find any evidence supporting Adams' claim that Brownlee breached the contract first or that Brownlee was responsible for the loss of Adams' tools. As a result, after thoroughly reviewing the record, we find that the judgment of the trial court is supported by substantial, competent, credible evidence.
No error having been shown, the judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
SHAW and WALTERS, JJ., concur.